**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4732**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERON JOHNSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Matthew James Maddox, District Judge.  (1:21-cr-00351-MJM-3)

———————

Submitted:  October 10, 2024                    Decided:  October 15, 2024

———————

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Robin M. Earnest, THE EARNEST LAW FIRM, Greenbelt, Maryland, for Appellant.  Kim Y. Hagan, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deron Johnson pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Johnson to 228 months' imprisonment and three years' supervised release. On appeal, Johnson's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Johnson has filed a pro se supplemental brief arguing that his plea counsel rendered ineffective assistance by failing to object to the district court's calculation of his criminal history score. The Government has moved to dismiss the appeal based on the appeal waiver in Johnson's plea agreement. We grant the Government's motion to dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608

2

(4th Cir. 2021). Our review of the record confirms that Johnson knowingly and voluntarily waived his right to appeal and that the waiver is valid and enforceable.

The appeal waiver does not bar our consideration of Johnson's claim of ineffective assistance of counsel. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Johnson's ineffective assistance claim "should be raised, if at all, in a [28 U.S.C.] § 2255 motion." *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Johnson's valid appeal waiver. We therefore grant in part the Government's motion to dismiss, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the criminal judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*